UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROGER JORDAN, JR., | No. 2:14-cv-1394 DAD P |
| Plaintiff, | |
| v. | ORDER & FINDINGS AND RECOMMENDATIONS |
| THOMAS J. BORRIS, et al. | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983. Plaintiff has neither filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 nor paid the filing fee for this action.

The federal venue statute provides that a civil action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

According to the complaint that initiated this action, both named defendants were at the relevant time serving as judges of the Orange County Superior Court. Plaintiff has sued both

1

1 defendants in their capacity as judges. Orange County is located in the Central District of
2 California. Therefore, the only proper venue for this case is the United States District Court for
3 the Central District of California.
4        When a case is filed in a venue that does not meet any of the three requirements of 28
5 U.S.C. § 1391(b), the court must transfer the case to a proper venue or dismiss it. See 28 U.S.C.
6 § 1406(a). Transfer is appropriate "if it be in the interest of justice." Id. "Dismissal, rather than
7 transfer, may be appropriate where . . . the plaintiff's action is frivolous; or where the transfer
8 would be futile because the case would be dismissed even after transfer." Campbell v. Baca, No.
9 1:12-CV-0151 LJO MJS (PC), 2012 WL 487034 at *1 (E.D. Cal. Feb. 14, 2012)).
10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12 Cir. 1984). A court may dismiss a claim as frivolous where it is based on an indisputably
13 meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at
14 327. A determination of frivolousness turns on whether a constitutional claim, however inartfully
15 pleaded, has an arguable legal and factual basis.[1] See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16 Cir. 1989); Franklin, 745 F.2d at 1227.
17        The text of the instant complaint is not easy to follow – it does not quite conform to Rule
18 8's requirement that the complaint contain a "short and plain statement of the claim" – but the
19 gravamen is that the named defendants committed constitutional violations against plaintiff in
20 their capacity as judges of the Orange County Superior Court. (See, e.g., Complaint at 3-4.)

---

[1] The court's decision whether to transfer or dismiss this case tracks the analysis it performs under 28 U.S.C. § 1915A, which requires the court to screen complaints brought by prisoners who seek relief against a governmental entity or officer or employee of a governmental entity. In that analysis, the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The standard of legal frivolousness is the same in both inquiries, and in both inquiries the court accepts all allegations of the complaint as true and construes the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). As it does in all of its screening decisions, the court holds this pro se pleading to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Such claims are barred as a matter of law: judges have absolute immunity against liability for actions they take while acting within the jurisdiction of their courts. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir.1996). Put another way, such claims lack any basis in law and are therefore legally frivolous. See Neitzke, 490 U.S. at 325; Scott v. Fogel, No. CIV S 05-1507 GEB DAD P, 2005 WL 2653714 (E.D. Cal. Oct. 14, 2005) (declining to transfer an action to the court where venue was proper because the complaint named only a judge as a defendant and sought to challenge that judge's ruling in another action). Therefore the appropriate course is to dismiss it. See Campbell, 2012 WL 487034 at *1.

This court often allows a plaintiff who has failed to plead a cognizable cause of action the opportunity to remedy that pleading deficiency by filing an amended complaint. However, futility of an amendment can, standing alone, justify denying that opportunity. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). A potential amendment is futile if it presents no set of facts that would, even if proven, constitute a valid claim.[2] See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). The standard for assessing whether a proposed amendment is futile is thus the same as the standard imposed under Federal Rule of Civil Procedure 12(b)(6). Id. In that analysis, the court reviews the complaint for "facial plausibility." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id.

Here, plaintiff's complaint clearly seeks to hold two state court judges liable for decisions they made or actions they took in their capacity as judges. Under the rule of judicial immunity, explained above, any potential amendment in support of such a claim would be completely futile. Therefore the court will not grant leave to amend the complaint. See Campbell, 2012 WL 487034

---

[2] Futility and frivolousness are in this context synonymous: a complaint or claim is frivolous if it lacks any arguable basis in fact or law. See Nietzke, 490 U.S. at 325-30. Under Federal Rule of Civil Procedure 15, "futility may be found where new claims are duplicative of existing claims or patently frivolous, or both." Perez-Falcon v. Synagro West, LLC, No. 1:11-cv-1645-AWI-JLT, 2013 WL 1281604 at *6 (E.D. Cal. March 27, 2013).

at *3.

Finally, to the extent plaintiff also brings state law causes of action in his complaint, the court declines to exercise its supplemental jurisdiction over them.  28 U.S.C. § 1367(c)(3).

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court assign this case to a district judge.

IT IS RECOMMENDED that the complaint in this action be dismissed without prejudice and without leave to amend, on the ground that it is frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 16, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
jord1394.f&r

4